FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

APR 1 8 2006

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES EDWARD THOMPSON, IV,<br>Plaintiff,<br><br>v.<br><br>Gwinnett County; et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:06-CV-0788-TWT<br><br><br><br>PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

**ORDER AND OPINION**

Plaintiff, James Edward Thompson, IV, has submitted the instant civil rights action and seeks leave to proceed without prepayment of the $250 .00 filing fee, other fees or security therefor, pursuant to 28 U .S.C. § 1915(a). Plaintiff, however, is prohibited from doing so by 28 U .S .C. § 1915(g) .

According to § 1915(g), a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records reflect that Plaintiff has filed three complaints in this Court that were dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915. See Thomson v. State of Georgia, et al ., Civil Action No. 1:05-CV-468-WBH; Thompson v. Porter, et al ., Civil Action No. 1:05-CV-1634-WBH; Thompson v.

Gwinnett County, Civil Action No. 1:05-CV-1937-TWT. Furthermore, this Court finds no indication that Plaintiff is "under imminent danger of serious physical injury." Accordingly, leave for Plaintiff to proceed in forma pauperis is hereby **DENIED**.

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The Prisoner . . . must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). See also Simmons v. Zloch, No. 04-16321, 2005 WL 2952352 at *2 (11th Cir. Nov. 7, 2005) (citing to Dupree and affirming denial of in forma pauperis motion and dismissing complaint pursuant to § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

Accordingly, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18 day of april, 2006.

[signature]
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)